STATE OF INDIANA ) IN THE BARTHOLOMEW Superior COURT
) SS:
COUNTY OF BARTHOLOMEW ) CAUSE NO. 03D02-0702-CT-18

NIKISH SOFTWARE CORPORATION and KISHIN BHARWANI,

Plaintiffs,

vs.

MANATRON, INCORPORATED

Defendant.

FILED
FEB 15 2007
CLERK
BARTHOLOMEW CO. COURTS

**COMPLAINT FOR DAMAGES AND DEMAND FOR A JURY TRIAL**

Come now Plaintiffs Nikish Software Corporation and Kishin Bharwani, by counsel, and for their Complaint for Damages against Manatron, Incorporated, state as follows:

**I. Parties**

1. Plaintiff Nikish Software Corporation (hereinafter "Nikish") is a New York corporation with offices located at 145 Commack Road, Commack, New York 11725.

2. Plaintiff Kishin Bharwani (hereinafter "Bharwani") is a resident of Newport, New York.

3. Defendant Manatron, Incorporated (hereinafter "Manatron") is a Michigan corporation with offices located at 510 E. Milham Ave., Portage, Michigan 49002.

4. At all times relevant to this Complaint, Nikish Software Corporation was a business which was engaged in the development of software for both private and public entities.

5. At all times relevant to this Complaint, Kishin Bharwani was the founder, President and Chief Executive Officer of Nikish Software Corporation, as well as the contact person for each of Indiana's counties, including Bartholomew County.

6. At all times relevant to this Complaint, Manatron was engaged in the business of providing software to state and local governments for use in matters relating to property taxes, specifically within Bartholomew County, Indiana, and other surrounding counties.

## II. Factual Allegations

7. In 2001, Nikish and Manatron entered into an agreement entitled "Software Development and Professional Services Agreement" which outlined the parties relationship as it related to the development of software for a property appraisal and tax system in Dauphin County, Pennsylvania (hereinafter "2001 - Dauphin County, Pa. Agreement"), which could also be licensed for use by customers in other Pennsylvania counties.

8. Nikish completed all requirements of the 2001 - Dauphin County, Pa. Agreement in an acceptable and timely fashion.

9. On or about April 15, 2003, Nikish and Manatron entered into another agreement entitled "Consulting and Noncompetition Agreement" which outlined the parties relationship as it related to the development of software for a property appraisal and tax system in Baltimore, Maryland (hereinafter "2003 - Baltimore, Md. Agreement").

10. Thereafter, Nikish and Manatron decided to terminate the 2003 - Baltimore, Md. Agreement.

11. On or about October 14, 2005, Nikish and Manatron entered into a "Settlement, Release, and Business Services Agreement" that effectively voided all duties and obligations owed by each of the parties as they related to the 2003 - Baltimore, Md. Agreement.

12. The Settlement, Release, and Business Services Agreement provided that Nikish had the right to engage in business with "any person or entity," regardless any prior or potential relationship the third party may have had with Manatron.

13. Thereafter, Nikish began the process of developing new computer software called RMS 2.0, which performed functions regarding the collection of property taxes.

14. Nikish's RMS 2.0 is not derived in any way from any of the software which Nikish had previously developed for Manatron.

15. Nikish intended to market RMS 2.0 to state and local governments in Indiana in competition with Manatron.

16. In the early part of 2006, Nikish began marketing RMS 2.0 to Indiana counties, including Bartholomew County.

17. On or about December 1, 2006, after Manatron learned that Nikish was marketing RMS 2.0 to Indiana counties, Manatron sent a letter to the Auditor of a majority of Indiana's counties.

18. The letter sent by Manatron on or about December 1, 2006, asserted that Manatron had "credible evidence" that Nikish's RMS 2.0 was "nothing more than a misappropriated derivative copy of the Manatron MVP system" which was marketed in Indiana.

19. This letter contains blatantly false and defamatory statements in that Nikish's RMS 2.0 is not a misappropriated derivative copy of any system marketed by Manatron and as such, Manatron can have no "credible evidence" that its assertions are true.

20. Because of Manatron's false and defamatory letter, many of Indiana's counties, including Bartholomew County, have refused to conduct business with Nikish and have terminated any and all business relationships with Nikish.

21. Manatron's December 1, 2006 letter defames both Nikish as a corporation and Bharwani individually as its falsely asserts that Bharwani and Nikish have committed illegal acts of theft and attempting to sell stolen property.

## III. Cause of Action

### *A. Count 1 - **Tortious Interference with a Business and/or Contractual Relationship*** (Asserted by Nikish and Bharwani)

22. Plaintiffs hereby incorporate paragraphs one (1) through twenty-one (21) of this complaint.

23. On or about August 30, 2006, Nikish commenced business relationships with third parties, including Bartholomew County, which contemplated the purchase of a newly developed computer program and support service that would assist them in matters related to the assignment of and collection of local property taxes.

24. As a result of these transactions, Plaintiffs had a reasonable expectation of economic gain from future contractual relations with Indiana's counties, including Bartholomew County, relating to the sale of the newly developed system which was in compliance with the

requirements placed upon the counties by a recently revised Indiana law. At the time, Nikish was one of few software providers to have developed such a program.

25. On or about August 30, 2006, and at all times relevant to this action, Indiana's counties, including Bartholomew County, were independent entities, unaffiliated with either Plaintiffs or Defendant.

26. On or about December 1, 2006, during the time that Plaintiff was marketing its RMS 2.0 system to Indiana's counties, including Bartholomew County, Defendant began a injurious course of conduct consisting of sending a letter to a majority of Indiana's counties falsely alleging that Nikish Software Corp. was attempting to market and sell property which it did not own and which Manatron "believed" to have been stolen from them.

27. In its letters, Manatron stated "[T]his letter is being sent because Manatron also has credible evidence that the RMS 2.0 system itself is nothing more than a misappropriated derivative copy of the Manatron MVP system in Indiana. As such, Manatron would own it and any offer or sale of RMS 2.0 by Nikish would be illegal."

28. However, Nikish's RMS 2.0 is not a misappropriated derivative of Manatron's MVP system.

29. With its letter, Manatron intended to disrupt Plaintiff's relationship with third parties.

30. As a direct result of sending the letters to Indiana's counties, Manatron disrupted any business relationship between Nikish and Indiana's counties, including Bartholomew County.

31. Manatron intended to impair or destroy Nikish's business relationship with Indiana's counties, thereby destroying Nikish's expectancy of economic gain.

32. Manatron engaged in the interfering conduct with malice toward Nikish and a desire to injure Nikish economically, and with wantonness and disregard of Nikish's rights.

33. Manatron's conduct was improper, unlawful, and unfair, in that Nikish's RMS 2.0 system is not a misappropriated derivative copy of any Manatron system and also because Manatron has so such "credible evidence" to prove so.

34. The conduct engaged in by Manatron was the proximate cause of the loss or impairment of Nikish's business relationship with Indiana's counties, including Bartholomew County.

35. As a result of Manatron's actions, Nikish has suffered a loss of economic expectancy, including damages in the form of future profits from the sale and implementation of, and support to Nikish's RMS 2.0 system.

36. Manatron was not justified or privileged to engage in the conduct described herein, which resulted in the impairment or loss of Nikish's business relationship with Indiana's counties, including Bartholomew County.

***B. Count 2 - Defamation of Nikish Software Company*** (Asserted by Nikish)

37. Plaintiffs hereby incorporate paragraphs one (1) through thirty-six (36) of this complaint.

38. On or about December 1, 2006, Manatron published a statement defaming Plaintiff, Nikish Software Corp., and injuring Nikish's professional reputation among those with

whom Nikish had engaged in discussions relating to a current or potential business relationship. A copy of said statement is attached hereto as exhibit A and is incorporated by reference herein.

39. Manatron published the defamatory statement with actual knowledge that it was false, or with reckless disregard as to its truth or falsity, or negligently.

40. Nikish is not a "public figure" and is not involved in any public controversy in connection with its profession, trade, or business.

41. Manatron's defamatory statement does not involve a matter of public concern.

42. Manatron intentionally published a defamatory statement which was known to be false for the purpose of injuring Nikish and obtaining a competitive advantage.

43. As a result of Manatron's defamatory statements, Nikish has suffered damages including, but not limited to, a decline in business and severed business relationships.

44. As a result of Manatron's actions, Nikish has sustained lost profits and been otherwise damaged.

*C. Count 3 - **Defamation of Kishin Bharwani, individually and in his capacity as the President and Chief Executive Officer of Nikish Software Company*** (Asserted by Bharwani)

45. Plaintiffs hereby incorporate paragraphs one (1) through forty-four (44) of this complaint.

46. On or about December 1, 2006, Manatron published a statement defaming Plaintiff, Kishin Bharwani, and injuring Bharwani's professional reputation among those with whom he had engaged in discussions relating to a current or potential business relationship.

47. Manatron published the defamatory statement against Bharwani with actual knowledge that it was false, or with reckless disregard as to its truth or falsity, or negligently.

48. Bharwani is not a "public figure" and is not involved in ay public controversy in connection with his profession, trade, or business.

49. Manatron's defamatory statement does not involve a matter of public concern.

50. Manatron intentionally published a defamatory statement which was known to be false for the purpose of injuring Bharwani and obtaining a competitive advantage.

51. As a result of Manatron's defamatory statement, Bharwani has suffered emotional stress and a general decline in business.

52. As a result of Manatron's actions, Bharwani has sustained lost profits.

***D. Count 4 - Breach of Contract*** (Asserted by Nikish and Bharwani)

53. Plaintiffs hereby incorporate paragraphs one (1) through fifty-two (52) of this complaint.

54. Manatron's conduct constitutes a breach Section 6.2 of the Settlement, Release, and Business Services Agreement Between Manatron and Nikish which was entered into by the parties, including Bharwani, effective October 15, 2004.

55. Section 6.2 of this Agreement states: "Freedom to Contract. Nikish and Mr. Bharwani, directly or through business entities in which they have an interest, are free to provide any business and consulting services to, and create any deliverables for, any person or entity. . . . No contractual limitations in any contract between Manatron and a third party shall in any way limit the ability of Nikish and Mr. Bharwani to do business with such parties."

56. Section 6.2 of the Agreement expressly states that Nikish and Bharwani are free to do business "with any person or entity."

57. The language of the Agreement does not limit Nikish or Bharwani's ability to do business with current or future customers of Manatron, nor does it limit Nikish or Bharwani's ability to independently develop and market competing software programs.

58. Manatron's conduct was a blatant attempt to violate Nikish and Bharwani's freedom to contract with Indiana's counties, including Bartholomew County, by asserting false accusations and defamatory statements that would in effect deem Nikish and Bharwani unfit to do business with in Indiana.

59. Both Nikish and Bharwani have been harmed and have suffered damages as a direct result of Manatron's breach of contract.

## IV. Request for Relief

WHEREFORE, Plaintiffs respectfully pray for judgment against the Defendant for compensatory and punitive damages, attorney's fees, the cost of this action, and for all other relief proper in the premises.

Respectfully submitted,

McNEELY STEPHENSON THOPY & HARROLD

J. Lee McNeely, Attorney # 9542-73
*Counsel for Plaintiffs*

Brady J. Rife, Attorney # 25378-73
*Counsel for Plaintiffs*

McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
(317) 825-5110 Phone
(317) 825-5109 Fax

**DEMAND FOR JURY TRIAL**

Come now the Plaintiffs, by counsel, and demand a trial by jury on all issues deemed so triable.

Respectfully submitted,

McNEELY STEPHENSON THOPY & HARROLD

Brady J. Rife, Attorney # 25378-73
*Counsel for Plaintiffs*

McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
(317) 825-5110 Phone
(317) 825-5109 Fax

MANATRON

FILED
DEC 1 2 2006
[illegible]

December 1, 2006

Dear Sir or Madame:

Please accept this letter regarding an issue that Manatron Inc. believes may be of utmost concern to you. Manatron has a significant market presence in the State of Indiana for Computer Assisted Mass Appraisal (CAMA), Tax Billing and Revenue Collection and Recording software. We currently serve over eighty counties throughout Indiana, which is the largest core market in our business.

You are receiving this letter because Manatron has recently received a copy of a recent response to a Request for Proposal ("RFP") issued by an Indiana County on July 24, 2006 that raises serious factual and legal issues you should be aware of as a potential consumer of the product set forth in that response. The response in question was submitted by Nikish Software Corp. of Commack, NY ("Nikish") on August 30, 2006 (the "Response"), and offered for consideration a Tax and Billing Collection system called RMS 2.0. The system offered in the Response is represented as being compliant to Indiana requirements, and is represented as being developed and owned by Nikish.

In their Response, Nikish represents on Page 8 that it has built tax systems for a larger company, citing Dauphin County, Pennsylvania as a reference for its product. This statement is inaccurate. Manatron is the "larger company" referred to in the Response, and the system in Dauphin County is actually a derivative of the Manatron MVP product that currently operates in over fifty Indiana jurisdictions. It was developed by Manatron with the assistance of Nikish as a subcontractor. The software is owned by Manatron, and Dauphin County is a Manatron client, not a Nikish client (as the Response infers).

Later, on Page 9 of the Response, Nikish offers the City of Baltimore, Maryland as another reference. In this section of the Response it submits that it completed its obligations and delivered a system as per specifications. This statement is also inaccurate. Nikish also served as a subcontractor to Manatron in Baltimore, and in fact <u>did not</u> complete its obligations. Many of the "issues" the prime contractor is experiencing (referred to by Nikish in this section of the Response) were caused by Nikish.

The above facts in and of themselves are disconcerting, but would not ordinarily result in Manatron sending out a formal letter as a result. Rather, this letter is being sent because Manatron also has credible evidence that the RMS 2.0 system itself is nothing more than a misappropriated derivative copy of the Manatron MVP system in Indiana. As such, Manatron would own it and any offer or sale of RMS 2.0 by Nikish would be illegal.

Virtually all jurisdictions that Manatron deals with are actively concerned with any potential misappropriation of intellectual property. We have yet to come across an instance of a contract where a County Attorney does not insist on indemnification in the event of such a misappropriation. A purchase of the RMS 2.0 system would likely result in a legal and operational gridlock for any jurisdiction that purchase it from Nikish because it carries with it a high risk of misappropriation.

Finally, I am keenly aware that a letter such as this may be perceived as anti-competitive due to Manatron's position as the leading provider of appraisal and property tax services in the State of Indiana. Consider for a moment that Manatron re-invests a significant portion of its annual





MANATRON

revenues to continue to improve our software to better serve our customers year after year. Under the umbrella of intellectual property statutes, both domestically and internationally, our investment enjoys certain protections from illegal piracy. Manatron continues to invest in order to improve our software on behalf of our customers, and because our investment is protected from theft.

Manatron openly and transparently competes with many companies in Indiana on a daily basis in the property tax services marketplace. While we may not always see eye to eye with them, we respect them and work with them in the best interest of our customers when they have acted ethically and within the bounds of fair competition. Nikish is not doing so. Nikish is misrepresenting their work effort and experience, and offering a system that they may not own. Ignoring this fact would be a disservice to all of our clients in Indiana that depend on us. For the protection of all who have a stake in the success of Manatron, we must, and will, defend any Manatron intellectual property from piracy to the full extent afforded by law.

As always, Manatron remains committed to serving the counties and people of Indiana. In that vein, if you should require any additional clarification about the content of this letter, please do not hesitate to contact your Manatron representative in our Indianapolis office at your convenience.

Very truly yours,

Marty Ulanski
Executive Vice President
Manatron Inc.

cc: Indiana Department of Local Government Finance