UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NIKISH SOFTWARE CORPORATION and KISHIN BHARWANI, | ) ) ) | CASE NO. 1:07-cv-00358-JDT-WTL |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MANATRON, INCORPORATED, | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Manatron, Incorporated ("Manatron"), by counsel, for its Answer to Plaintiffs' Complaint for Damages ("Complaint") states:

**I.     PARTIES**

1. Manatron admits the allegations contained in paragraph 1 of Plaintiffs' Complaint.

2. Manatron admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

3. Manatron admits the allegations contained in paragraph 3 of Plaintiffs' Complaint.

4. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same.

5. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

6. Manatron admits the allegations contained in paragraph 6 of Plaintiffs' Complaint.

## II.    FACTUAL ALLEGATIONS

7. Manatron admits the allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Manatron denies the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Manatron admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Manatron admits the allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Manatron admits that on or about October 14, 2005, Nikish and Manatron entered into a "Settlement, Release and Business Services Agreement." Manatron denies the remaining allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Manatron admits the allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiffs' Complaint and, therefore, denies the same.

14. Manatron denies the allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same.

16. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiffs' Complaint and, therefore, denies the same.

17. Manatron admits the allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Manatron admits the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Manatron denies the allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Manatron denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.     Manatron denies the allegations contained in paragraph 21 of Plaintiffs' Complaint.

### III.     CAUSE OF ACTION

**A.     Count 1 – Tortious Interference with a Business and/or Contractual Relationship**
(Asserted by Nikish and Bharawani)

22.     Manatron incorporates its response to paragraphs 1 through 21 Plaintiffs' Complaint as though fully set out herein.

23.     Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of Plaintiffs' Complaint and, therefore, denies the same.

24.     Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of Plaintiffs' Complaint and, therefore, denies the same.

25.     Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of Plaintiffs' Complaint and, therefore, denies the same.

26.     Manatron denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

27.     Manatron admits the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. Manatron denies the allegations contained in paragraph 28 of Plaintiffs' Complaint.

29. Manatron denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30. Manatron denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31. Manatron denies the allegations contained in paragraph 31 of Plaintiffs' Complaint.

32. Manatron denies the allegations contained in paragraph 32 of Plaintiffs' Complaint.

33. Manatron denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34. Manatron denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35. Manatron denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36. Manatron denies the allegations contained in paragraph 36 of Plaintiffs' Complaint.

**B.      Count 2 – Defamation of Nikish Software Company** (Asserted by Nikish)

37. Manatron incorporates its response to paragraphs 1 through 36 Plaintiffs' Complaint as though fully set out herein.

38. Manatron denies the allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Manatron denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 40 of Plaintiffs' Complaint and, therefore, denies the same.

41. Manatron denies the allegations contained in paragraph 41 of Plaintiffs' Complaint.

42. Manatron denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Manatron denies the allegations contained in paragraph 43 of Plaintiffs' Complaint.

44. Manatron denies the allegations contained in paragraph 44 of Plaintiffs' Complaint.

C. **Count 3 – Defamation of Kishin Bharwani, individually and in his capacity as the President and Chief Executive Officer of Nikish Software Company** (Asserted by Bharwani)

45. Manatron incorporates its response to paragraphs 1 through 44 Plaintiffs' Complaint as though fully set out herein.

46. Manatron denies the allegations contained in paragraph 46 of Plaintiffs' Complaint.

47. Manatron denies the allegations contained in paragraph 47 of Plaintiffs' Complaint.

48. Manatron is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiffs' Complaint and, therefore, denies the same.

49. Manatron denies the allegations contained in paragraph 49 of Plaintiffs' Complaint.

50. Manatron denies the allegations contained in paragraph 50 of Plaintiffs' Complaint.

51. Manatron denies the allegations contained in paragraph 51 of Plaintiffs' Complaint.

52. Manatron denies the allegations contained in paragraph 52 of Plaintiffs' Complaint.

**D.    Count 4 – Breach of Contract** (Asserted by Nikish and Bharwani)

53.    Manatron incorporates its response to paragraphs 1 through 52 Plaintiffs' Complaint as though fully set out herein.

54.    Manatron denies the allegations contained in paragraph 54 of Plaintiffs' Complaint.

55.    Manatron admits the allegations contained in paragraph 55 of Plaintiffs' Complaint.

56.    Manatron admits the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.    Manatron denies the allegations contained in paragraph 57 of Plaintiffs' Complaint.

58.    Manatron denies the allegations contained in paragraph 58 of Plaintiffs' Complaint.

59.    Manatron denies the allegations contained in paragraph 59 of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

Defendant, Manatron, Incorporated, by counsel, pursuant to Fed. R. Civ. P. 8(c), and subject to further investigation and discovery, hereby asserts the following affirmative defenses in this matter:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the alleged defamatory statements, if any, were true.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as defendant had an honest belief that the alleged defamatory statements, if any, were true.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the alleged defamatory statements, if any, involved a matter of general or public interest.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the alleged defamatory statements, if any, are protected by an absolute or qualified privilege.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, as the alleged tortious or wrongful acts of the defendant were justified.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for punitive damages are preempted by federal law, limited by Indiana Code §34-51-1 et. Seq., and/or are unconstitutional pursuant to Indiana and/or the United States Constitution.

WHEREFORE, Defendant, Manatron, Incorporated, by counsel, asks that Plaintiffs take nothing by way their complaint, for costs of this matter, and for all just and proper relief.

Respectfully submitted,

LOCKE REYNOLDS LLP

By: */s/ James Dimos*
James Dimos, #11178-49
Joel E. Tragesser, #21414-29
Richelle M. Harris, #26401-49

Attorneys for Defendant,
Manatron, Incorporated

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2007, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

J. Lee McNeely
Brady J. Rife
MCNEELY STEPHENSON THOPY &
HARROLD
jlmcneely@msth.com
bjrife@msth.com

                                          */s/ James Dimos*
                                            James Dimos

LOCKE REYNOLDS LLP
201 North Illinois Street, Suite 1000
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax: 317-237-3900
jdimos@locke.com
jtragesser@locke.com
rharris@locke.com

829883_1