UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NIKISH SOFTWARE CORPORATION and KISHIN BHARWANI, | ) ) ) | CASE NO. 1:07-CV-00358-DFH-TAB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MANATRON, INC., | ) ) | |
| Defendant. | ) | |

## PLAINTIFFS' RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION FOR LEAVE TO ASSERT COUNTERCLAIM FOR INJUNCTIVE RELIEF AND DAMAGES

### INTRODUCTION

On February 15, 2007, plaintiffs Nikish Software Corporation ("Nikish") and Kishin Bharwani ("Bharwani") filed this action against defendant Manatron, Inc. ("Manatron") based upon a defamatory letter publicized by defendants throughout the State of Indiana..

On April 20, 2007, defendant filed an answer, which included affirmative defenses but no counterclaims. On September 15, 2008, almost one and a half years after defendant filed its answer, defendant filed a motion for leave to assert a counterclaim for injunctive relief and damages. Defendant's proposed counter claim is based on agreements and facts raised in plaintiffs' complaint. Defendant's motion should be denied for four reasons: (1) defendant's motion is untimely; (2) defendant's proposed counterclaim is a compulsory counterclaim under Fed. R. Civ. P. 13(a), which should have been filed with defendant's answer; (3) defendant failed to offer any explanation for not timely filing its counterclaim; and (4) plaintiff would be prejudiced in the preparation of their defense if defendant is allowed to file its counterclaim.

**SUMMARY OF FACTS**

In 2001, Nikish and Manatron entered into an agreement entitled "Software Development and Professional Services Agreement," for the development of software for a property appraisal and tax system in Pennsylvania ("2001 Agreement").  *See*, Complaint, ¶ 7; Proposed Counterclaim, ¶ 13.

On or about April 15, 2003, Nikish and Manatron entered into another agreement entitled "Consulting and Noncompetition Agreement" for the development of software for a property appraisal and tax system in Maryland ("2003 Agreement").  *See*, Complaint, ¶ 9; Proposed Counterclaim, ¶ 21.  Deciding to terminate the 2003 Agreement, Nikish and Manatron entered into a "Settlement, Release, and Business Services Agreement" on October 14, 2005 ("Settlement Agreement").  *See*, Complaint, ¶¶ 10-11; Proposed Counterclaim, ¶ 23.  The Settlement Agreement provided that Nikish had the right to engage in business with "any person or entity," regardless of any prior or potential relationship the third party may have had with Manatron.  *See*, Complaint, ¶ 12.

Subsequently, Nikish began developing new computer software called RMS 2.0, which performed functions regarding the collection of property taxes.  *See*, Complaint, ¶ 13; Proposed Counterclaim, ¶ 25.  On or about November or December of 2006, Manatron learned that Nikish began marketing the RMS 2.0 software to counties in Indiana.  *See*, Complaint, ¶ 17; Proposed Counterclaim, ¶ 30.  After its discovery, Manatron sent a letter to its Indiana clients asserting that it had "credible evidence" that Nikish's RMS 2.0 software was "nothing more than a misappropriated derivative copy of the Manatron MVP system," ("Letter").  *See*, Complaint, ¶ 18; Proposed Counterclaim, ¶ 36.  Because of Manatron's false and defamatory letter, many of

the counties in Indiana have refused to conduct business with Nikish and have terminated any and all business with Nikish.  *See*, Complaint, ¶ 20.

On February 15, 2007, plaintiffs Nikish and Kishin Bharwani ("Bharwani") filed this action against Manatron for Tortious Interference with a Business and/or Contractual Relationship (Count 1); Defamation of Nikish Software Company (Count 2); Defamation of Kishin Bharwani, individually and in his capacity as the President and Chief Executive Officer of Nikish Software Company (Count 3); and Breach of Contract (i.e. breach of the Settlement Agreement) (Count 4).

On April 20, 2007, Manatron filed an answer, which included affirmative defenses but no counterclaims.  In its answer, Manatron admitted: (1) that the parties entered into the 2001 Agreement, the 2003 Agreement, and the Settlement Agreement; (2) that the Settlement Agreement allowed Nikish to engage in business with "any person or entity," regardless of any prior or potential relationship the third party may have had with Manatron; (3) that Manatron was aware that Nikish was marketing a competitive software system to its clients; and (4) that Manatron sent a letter to its Indiana clients asserting that it had "credible evidence" that Nikish's RMS 2.0 software was "nothing more than a misappropriated derivative copy of the Manatron MVP system."  *See*, Answer, ¶¶ 7, 9-12, 17-18, 27.

On June 4, 2008, the Court entered an Amended Case Management Plan which stated that "[a]ll motions for leave to amend the pleadings…shall be filed on or before 08/01/08."

On August 4, 2008, the Court entered an Order Granting Defendant's Motion for Enlargement of Time, extending the time in which Manatron may amend its pleadings to August 31, 2008.

On September 4, 2008, the Court entered an Order Granting Defendant's Second Motion for Enlargement of Time, extending the time in which Manatron may amend its pleadings to September 14, 2008.

On September 15, 2008, a day after the Court's deadline and almost one and a half years after Manatron filed its answer, defendant filed a motion for leave to assert a counterclaim for injunctive relief and damages.  Manatron's proposed counterclaim contains ten counts: Misappropriation of Trade Secrets (Count I); Breach of Contract (Count II); Unfair Competition (Count III); Common Law Copyright Infringement (Count IV); Breach of Fiduciary Duty/Confidentiality (Count V); Breach of Duty of Good Faith and Fair Dealing (Count VI); Tortious Interference with Contractual Relationships or Business Expectancy (Count VII); Unjust Enrichment (Count VIII); Deception (Count IX); and Conversion (Count X).

Manatron's counterclaims arise out of the same transactions and/or occurrences that are the subject matter of plaintiffs' complaint.  In its proposed counterclaim, Manatron alleges that the "events giving rise to this action" include:  (1) entry of Nikish and Manatron into the 2001 Agreement, 2003 Agreement, and the Settlement Agreement; (2) Manatron became aware that Nikish was marketing the RMS 2.0 software to its clients in Indiana in 2006; (3) Manatron sent a letter to its clients stating that the RMS 2.0 software was a derivative work of Manatron's MVP source code in 2006; and (4) plaintiffs' breach of the parties' various agreements.  *See*, Proposed Counterclaim, ¶¶ 27-37.

Defendant's motion should be denied for four reasons: (1) defendant's motion is untimely; (2) defendant's proposed counterclaim is a compulsory counterclaim under Fed. R. Civ. P. 13(a), which should have been filed with defendant's answer; (3) defendant failed to offer

4

an explanation for not timely filing its counterclaim; and (4) plaintiff would be prejudiced in the preparation of their defense if defendant is allowed to file its counterclaim.

## DISCUSSION

Manatron's motion should be dismissed because it is untimely on two levels. First, Manatron missed the Court's deadline for filing a motion for leave to amend its pleadings. Originally, the Court set the deadline for August 1, 2008. Upon motions filed by Manatron, the Court twice granted time extensions to Manatron, extending the deadline for filing motions for leave to amend pleadings by over two months to September 14, 2008. Incredulously, Manatron still managed to miss its deadline by filing this motion a day late.

Second, Manatron's proposed counterclaim is a compulsory counterclaim, which should have been filed with its answer under Fed. R. Civ. P. 13(a). Generally, a defendant must file a counterclaim when it first has the opportunity to do so. *See*, Fed. R. Civ. P. 13(a)(1) (stating that "[a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party * * *." (emphasis added)). "In order to be a compulsory counterclaim, Rule 13(a) requires that the claim (1) exist at the time of pleading, (2) arise out of the same transaction or occurrence as the opposing party's claim, and (3) not require for adjudication parties over whom the court may not acquire jurisdiction." *Burlington N. R. Co. v. Strong*, 907 F.2d 707, 710-711 (7th Cir. 1990). "[I]t is within the district court's discretion to disallow a counterclaim on the ground of tardiness." *Crown Life Insurance Co.*, 35 F.3d 296, 300 (7th Cir. 1994). The court, however, "may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." Fed. R. Civ. P. 13(f). If a defendant fails to offer an explanation, however, "[t]he

5

district court, pursuant to Rule 13(f), has discretion to deny a defendant's motion to file a counterclaim." *Carroll v Acme-Cleveland Corp.*, 955 F.2d 1107, 1114 (7th Cir. 1992).

Manatron's proposed counterclaim is a compulsory counterclaim as defined by Fed. R. Civ. P. 13(a). All of Manatron's claims are primarily based on its belief that plaintiffs misappropriated its MVP source code to develop the RMS 2.0 software and thereby breaching the 2001 Agreement, 2003 Agreement, and Settlement Agreement. The Letter evidences that Manatron's causes of action accrued in November or December of 2006 and that Manatron had "credible evidence" that Nikish's RMS 2.0 software was "nothing more than a misappropriated derivative copy of the Manatron MVP system." Thus, Manatron's proposed counterclaims are compulsory under Fed. R. Civ. P. 13(a) as they (1) existed at the time Manatron filed its answer on April 20, 2007, (2) arose out of the same agreements as the plaintiffs' claims, and (3) do not require the adjudication of parties over whom the court may not acquire jurisdiction.

Manatron has filed this motion almost one and a half years after it filed its answer and after almost two years of being aware of the facts underlying its proposed counterclaims. In its motion for leave to assert its counterclaims, Manatron fails to offer any explanation whatsoever for its delay in asserting its counterclaims. Because Manatron has not provided a legitimate excuse for its delay in filing a motion to amend the pleadings or an excuse for its delay in asserting its counterclaims, its motion should be denied.

Finally, Manatron's motion should be denied because plaintiff would be prejudiced by the amendment. The trial date in this matter is set for July 13, 2009, almost two and a half years after plaintiffs originally filed its complaint. Although the cut-off for discovery is not until April 1, 2009, it is not a sufficient amount of time for plaintiffs to complete discovery on Manatron's <u>ten count</u> counterclaim in addition to the discovery necessary pursue its own claims against

Manatron. Moreover, defendant's counterclaim will require extensive expert discovery at significant cost to plaintiffs if allowed. Finally, any additional extensions of time in this case caused by Manatron sitting on its rights for one and a half years will increase overall litigation costs, is not fair, and is prejudicial to plaintiffs.

## CONCLUSION

For the reasons set forth above, plaintiffs respectfully requests that the Court deny Manatron's motion for leave to assert a counterclaim for injunctive relief and damages.

Respectfully submitted,

s/ J. Lee McNeely
Attorney No.  9542-73
McNEELY STEPHENSON
THOPY & HARROLD
2150 Intelliplex Drive, Suite 100
Shelbyville, IN  46176
(317) 825-5110

October 2, 2008                     jlmcneely@msth.com

On behalf of Nikish Software Corporation
and Kishin Bharwani as local counsel for:
G. Christopher Bernard
Susan M. Kornfield
BODMAN LLP
Suite 400
201 South Division Street
Ann Arbor, Michigan 48104

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing Plaintiffs' Response in Opposition of Defendant's Motion for Leave to Assert Counterclaim for Injunctive Relief and Damages has been served upon James Dimos, Joel E. Tragesser and Richelle Harris, by the U.S. District Court's electronic filing system, this 2nd day of October, 2008.


                                                 /s/ J. Lee McNeely
                                                 J. Lee McNeely


McNEELY, STEPHENSON, THOPY & HARROLD
2150 Intelliplex Drive, Suite 100
Shelbyville, IN 46176
Telephone:   317-825-5110
Facsimile:    317-825-5109