UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION

| | | |
|---|---|---|
| NIKISH SOFTWARE CORPORATION | ) | |
| and KISHIN BHARWANI, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-358-RLY-DML |
| | ) | |
| MANATRON, INCORPORATED, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MANATRON, INCORPORATED, | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NIKISH SOFTWARE CORPORATION | ) | |
| and KISHIN BHARWANI, | ) | |
| Counter-Defendants. | ) | |

**ENTRY ON PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 15(a) TO AMEND
THEIR ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiffs/Counter-Defendants, Nikish Software Corporation and Kishin Bharwani

(collectively "Nikish"), move to amend their Answer to the Counterclaim of

Defendant/Counter-Plaintiff, Manatron Incorporated ("Manatron"), to assert additional

affirmative defenses of res judicata, release, and waiver.  For the reasons set forth below,

the court **GRANTS** the motion.

1

I.      **Background**

A.      **The Present Action**

Manatron provides property tax software, appraisal, and other services to state and local governments.  Nikish develops software in the field of real estate, including tax software for use by local governments.

In 2001, Nikish and Manatron entered into the "Software Development and Professional Services Agreement" (the "Dauphin County Agreement") for the development of Manatron's MVP source code for a property appraisal and tax system (known to the parties as "Tax Billing") in Dauphin County, Pennsylvania.  (*See* Complaint ¶ 7; Counterclaim ¶ 13).  Nikish successfully developed and installed the Tax Billing software at Dauphin County, and Tax Billing went live in 2003.  In January 2007, the parties' relationship broke down, resulting in an action filed by Manatron against Nikish in the Kalamazoo Superior Court (the "Michigan Action.").  The Michigan Action is discussed *infra*.

In 2003, the parties executed an agreement related to software development for Baltimore County, Maryland (the "Baltimore County Agreement").  (*See* Complaint ¶ 9; Counterclaim ¶ 21).  On October 14, 2005, after the parties experienced difficulties with the Baltimore County Agreement, they agreed to an orderly termination of their business relationship.  Nikish and Manatron entered into a "Settlement, Release, and Business Services Agreement" (the "Release") that effectively voided all duties and obligations owed by each of the parties as they related to the Baltimore County Agreement.  (*See*

2

Complaint ¶¶ 10-11; Counterclaim ¶ 23).  Nikish alleges that the Release extended

beyond the Baltimore County Agreement by providing that Nikish had the right to engage

in business with "any person or entity," regardless of any prior or potential relationship

the third party may have had with Manatron.  (*See* Complaint ¶ 12).

　　　After signing the Release, Nikish began the process of developing new computer

software called RMS 2.0, which performed the functions regarding the collection of

property taxes.  (*See* Complaint ¶ 13; Counterclaim ¶ 25).  Nikish intended to market

RMS 2.0 to state and local governments in Indiana in competition with Manatron.

(Complaint ¶ 15).

　　　In November 2006, Manatron learned that Nikish had begun marketing the RMS

2.0 software to counties in Indiana.  (*See* Complaint ¶ 17; Counterclaim ¶ 30).  On

December 1, 2006, Manatron sent a letter to each of the Auditors of a majority of

Indiana's counties.  Manatron's December 1, 2006 letter asserted that Manatron had

"credible evidence" that Nikish's RMS 2.0 was "nothing more than a misappropriated

derivative copy of the Manatron MVP system" that Manatron marketed in Indiana.  (*See*

Complaint ¶ 18).  Because of this letter, many Indiana counties now refuse to do business

with Nikish.  (Complaint ¶ 20).

　　　On February 15, 2007, Nikish filed the present action against Manatron for

Tortious Interference with a Business and/or Contractual Relationship (Count 1);

Defamation of Nikish Software Company (Count 2); Defamation of Kishin Bharwani,

individually and in his capacity as the President and Chief Executive Officer of Nikish

(Count 3); and Breach of Contract (i.e., breach of the Release) (Count 4).  On April 20, 2007, Manatron filed an Answer, which included affirmative defenses but no Counterclaims.  On September 15, 2008, Manatron filed a motion for leave to file a Counterclaim for injunctive relief and damages.  The court granted Manatron leave on September 25, 2008.

Manatron's Counterclaim contains ten counts: (1) Misappropriation of Trade Secrets (Count 1); Breach of Contract (Count 2); Unfair Competition (Count 3); Common Law Copyright Infringement (Count 4); Breach of Fiduciary Duty/Confidentiality (Count 5); Breach of Duty of Good Faith and Fair Dealing (Count 6); Tortious Interference with Contractual Relationships or Business Expectancy (Count 7); Unjust Enrichment (Count 8); Deception (Count 9); and Conversion (Count 10).

In the present motion, Nikish claims that the breach of contract claims upon which Manatron relies are the same claims that were dismissed with prejudice in a prior Michigan Action between the parties.  Thus, Nikish seeks leave to amend its Answer to Manatron's Counterclaim to assert additional affirmative defenses of res judicata, release, and waiver.

### B.    The Michigan Action

On March 15, 2007, Manatron filed the Michigan Action.  The Michigan Action centered around the 2001 Dauphin County Agreement referenced above.  Manatron alleged that "[o]n January 2, 2007, [Nikish] walked away from [its] obligations under the Agreement, even though [it] had no basis for doing so under the Agreement."  (Nikish's

4

Motion to Amend, Docket # 84, Ex. B, Complaint).  The Complaint alleged, *inter alia*, that Nikish breached the Dauphin County Agreement and requested that Nikish return all "deliverables" as defined by the Agreement.

On March 10, 2009, Manatron and Nikish entered into a Settlement Agreement and General Release (the "Settlement Agreement").  The relevant provisions of that Agreement provided:

**6.     General Release and Covenant Not To Sue**

(b)     Other than for any and all claims that have been filed and that are expressly pending in Nikish Software Corp. et al. v. Manatron, Inc., S.D.In. [sic], Case Number: 1:07-cv-358 (the "Indiana Action"), and as otherwise set forth in Section 6(d), Manatron and Defendants hereby release, forever discharge, and agree not to sue the other, from any and all claims, demands, damages, debts, liabilities, accounts . . . .

\*     \*     \*

(d)     The parties intend that "Claims" be interpreted as broadly as legally permissible, and expressly includes any claim that could have or was made in the Action; provided that the parties agree that "Claims" do not include the following:

(i)     Causes of action set forth in the Indiana Action and any permitted amendments to the complaint and counterclaims that are filed and expressly pending in the Indiana Action; provided that, as set forth in Section 3(c), in no case may a party pursue a cause of action in the Indiana Action that relates to rights in Software, whether based in law, equity, or contract . . . .

(f)     The execution of this Settlement Agreement and the releases as stated above shall have no effect on the rights, claims, and interests of the parties related to claims presently filed, or as

5

amended, and pending in the Indiana Action except as
specified in Section 3(c).

(Manatron's Response, Docket # 86, Ex. A, Settlement Agreement, Section 6(b), (d)).

**3.     Settlement Terms**

(c)     As a result of the joint ownership of intellectual property and
other rights in the Software, Manatron expressly agrees that
no element of the Software appearing in any other Nikish
product will or can be the basis of any claim or threat of
misappropriation, infringement, theft, replevin, or other legal
theory by Manatron against Nikish and/or Mr. Bharwani, their
customers, prospective customers, strategic partners,
licensees, and related entities. . . .

(*Id.*, Section 3(c)).  Software is defined in the Settlement Agreement as "the software

known to the parties as 'tax claim.'"  (*Id.*, Section 3(a)).

On March 16, 2009, the court issued an Order dismissing all pending claims in the

Michigan Action with prejudice.  (Nikish's Motion to Amend, Docket # 84, Ex. C, Order

Releasing CD-Rom Filed with the Court to Plaintiff and to Dismiss).

**II.     Discussion**

Pursuant to Federal Rule of Civil Procedure 15(a), a court may grant leave to

amend the complaint "when justice so requires."  As noted by the text of the rule,

however, the court is not required to grant leave.  A court may deny leave to amend the

complaint for several reasons, including undue delay, bad faith, dilatory motive, undue

prejudice to the opposing party, or because the amendment would be futile.  *Dubicz v.*

*Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004).  An amendment is futile if

it cannot withstand a motion to dismiss under FED. R. CIV. P. 12(b)(6).  *See Vargas-*

6

*Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 975 (7th Cir. 2001) ("A new claim is futile if it would not withstand a motion to dismiss.").

Manatron objects to Nikish's proposed amendment, claiming that to grant the amendment would be futile.  It contends that the Settlement Agreement in the Michigan Action expressly excludes the case *sub judice* from being included as a released claim subject to the Settlement Agreement.  Thus, the doctrines of res judicata, release, and waiver cannot operate to bar Manatron's Counterclaims against Nikish.

The rules of contract construction govern construction of settlement agreements. *Singh v. Singh*, 844 N.E.2d 516, 524 (Ind. Ct. App. 2006).  The interpretation of a release, like any other contract, is determined by the terms of the particular instrument, considered in light of all facts and circumstances.  *Prall v. Indiana Nat'l Bank*, 627 N.E.2d 1374, 1377 (Ind. Ct. App. 1994).  Absent some ambiguity, release agreements are interpreted as a matter of law.  *Id*.

Manatron cites to Section 6 of the Settlement Agreement for the proposition that the release contained therein does not include the claims and counterclaims of the present action (the Indiana Action).  However, Sections 6(b), 6(d), and 6(f) direct the reader to Section 3(c), which carves out an exception to the applicability of the Indiana Action.  As noted above, Section 3(c) provides that "Manatron expressly agrees that no element of the Software appearing in any other Nikish product will or can be the basis of any claim . . . .".  (Manatron's Response, Docket # 86, Ex. A, Settlement Agreement, Section 3(c)).  Thus, the applicability of the Settlement Agreement's terms to the present action depends

upon whether the "Software" referred to in the Settlement Agreement is the same "Software" as that referred to in this case. More specifically, the issue is whether Nikish's RMS 2.0, which Nikish marketed to Indiana counties, is a misappropriated copy of the "Software" at issue in the Michigan Action. The answer to this question is central to this entire case. The court therefore finds that the applicability of the Settlement Agreement to the present action could survive a motion to dismiss, and thus, that Nikish may assert the affirmative defenses of res judicata, waiver, and estoppel. Further briefing on the subject will determine whether the defenses have merit.

## III.    Conclusion

For the reasons set forth above, the court **GRANTS** Plaintiffs' Motion Under FED. R. CIV. P. 15(a) to Amend Their Answer to Defendant's Counterclaims (Docket # 83).

**SO ORDERED** this  2nd   day of February 2010.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

G. Christopher Bernard
BODMAN LLP
cbernard@bodmanllp.com

James  Dimos
FROST BROWN TODD LLC
jdimos@fbtlaw.com

Richelle Marie Harris
FROST BROWN TODD LLC
rharris@fbtlaw.com

Susan M. Kornfield
BODMAN LLP
skornfield@bodmanllp.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Brady J. Rife
MCNEELY STEPHENSON THOPY & HARROLD
bjrife@msth.com

Joel E. Tragesser
FROST BROWN TODD LLC
jtragesser@fbtlaw.com