# Exhibit A

# MANATR⬤N

FILED
DEC 1 2 2006

December 1, 2006

Dear Sir or Madame:

Please accept this letter regarding an issue that Manatron Inc. believes may be of utmost concern to you. Manatron has a significant market presence in the State of Indiana for Computer Assisted Mass Appraisal (CAMA), Tax Billing and Revenue Collection and Recording software. We currently serve over eighty counties throughout Indiana, which is the largest core market in our business.

You are receiving this letter because Manatron has recently received a copy of a recent response to a Request for Proposal ("RFP") issued by an Indiana County on July 24, 2006 that raises serious factual and legal issues you should be aware of as a potential consumer of the product set forth in that response. The response in question was submitted by Nikish Software Corp. of Commack, NY ("Nikish") on August 30, 2006 (the "Response"), and offered for consideration a Tax and Billing Collection system called RMS 2.0. The system offered in the Response is represented as being compliant to Indiana requirements, and is represented as being developed and owned by Nikish.

In their Response, Nikish represents on Page 8 that it has built tax systems for a larger company, citing Dauphin County, Pennsylvania as a reference for its product. This statement is inaccurate. Manatron is the "larger company" referred to in the Response, and the system in Dauphin County is actually a derivative of the Manatron MVP product that currently operates in over fifty Indiana jurisdictions. It was developed by Manatron with the assistance of Nikish as a subcontractor. The software is owned by Manatron, and Dauphin County is a Manatron client, not a Nikish client (as the Response infers).

Later, on Page 9 of the Response, Nikish offers the City of Baltimore, Maryland as another reference. In this section of the Response it submits that it completed its obligations and delivered a system, as per specifications. This statement is also inaccurate. Nikish also served as a subcontractor to Manatron in Baltimore, and in fact <u>did not</u> complete its obligations. Many of the "issues" the prime contractor is experiencing (referred to by Nikish in this section of the Response) were caused by Nikish.

The above facts in and of themselves are disconcerting, but would not ordinarily result in Manatron sending out a formal letter as a result. Rather, this letter is being sent because Manatron also has credible evidence that the RMS 2.0 system itself is nothing more than a misappropriated derivative copy of the Manatron MVP system in Indiana. As such, Manatron would own it and any offer or sale of RMS 2.0 by Nikish would be illegal.

Virtually all jurisdictions that Manatron deals with are actively concerned with any potential misappropriation of intellectual property. We have yet to come across an instance of a contract where a County Attorney does not insist on indemnification in the event of such a misappropriation. A purchase of the RMS 2.0 system would likely result in a legal and operational gridlock for any jurisdiction that purchase it from Nikish because it carries with it a high risk of misappropriation.

Finally, I am keenly aware that a letter such as this may be perceived as anti-competitive due to Manatron's position as the leading provider of appraisal and property tax services in the State of Indiana. Consider for a moment that Manatron re-invests a significant portion of its annual



EXHIBIT A

# MANATRON

revenues to continue to improve our software to better serve our customers year after year. Under the umbrella of intellectual property statutes, both domestically and internationally, our investment enjoys certain protections from illegal piracy. Manatron continues to invest in order to improve our software on behalf of our customers, and because our investment is protected from theft.

Manatron openly and transparently competes with many companies in Indiana on a daily basis in the property tax services marketplace. While we may not always see eye to eye with them, we respect them and work with them in the best interest of our customers when they have acted ethically and within the bounds of fair competition. Nikish is not doing so. Nikish is misrepresenting their work effort and experience, and offering a system that they may not own. Ignoring this fact would be a disservice to all of our clients in Indiana that depend on us. For the protection of all who have a stake in the success of Manatron, we must, and will, defend any Manatron intellectual property from piracy to the full extent afforded by law.

As always, Manatron remains committed to serving the counties and people of Indiana. In that vein, if you should require any additional clarification about the content of this letter, please do not hesitate to contact your Manatron representative in our Indianapolis office at your convenience.

Very truly yours,

Marty Ulanski
Executive Vice President
Manatron Inc.


cc: Indiana Department of Local Government Finance.