# Exhibit D

# SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  **Parties; Effective Date.**  This Settlement Agreement and General Release ("Agreement") is by and among Manatron, Inc. ("Manatron"), Nikish Software Corporation ("Nikish"), and Mr. Kishin J. Bharwani ("Mr. Bharwani").  This Agreement is effective on the date last signed ("Effective Date").

2.  **Background of Dispute and Purpose of Agreement.**  Manatron, Nikish, and Mr. Bharwani are parties to the action Manatron, Inc. v. Nikish Software Corp., et al., Case No. 1:07-CV-0410 (W.D. Mich.) in which the parties have claims/counterclaims arising from their prior business relationship (the "Action").  The parties desire to settle the Action and to completely release each other in connection with the Action, and to completely release each other from all other aspects of their past business relationships, all according to the terms set forth in this Agreement.

3.  **Settlement Terms.**

    (a) No later than five (5) days following the Effective Date, Defendants, though their counsel, will request that the Court release to Manatron's counsel the software known to the parties as "tax claim" (the "Software") in the form previously deposited by Nikish with the Court on a CD.  Manatron:  (i) acknowledges that the Software is incomplete; (ii) accepts the Software AS IS; and (iii) waives any and all representations and warranties regarding the Software, including any relating to performance, fitness for a particular purpose, non-infringement, and merchantability.  Defendants shall have no other obligation to Manatron with respect to the Software, including, but not limited to, technical assistance or the creation of supporting documentation.

    (b) Manatron and Nikish hereby jointly own all intellectual property and other rights in the Software, effective as of October 23, 2001.  Each party is free to exploit the intellectual property rights in the Software with no obligation to the other, and shall specifically have no duty of accounting to, reporting to, or cooperating with, the other.

    (c) As a result of the joint ownership of intellectual property and other rights in the Software, Manatron expressly agrees that no element of the Software appearing in any other Nikish product will or can be the basis of any claim or threat of misappropriation, infringement, theft, replevin, or other legal theory by Manatron against Nikish and/or Mr. Bharwani, their customers, prospective customers, strategic partners, licensees, and related entities.  Without limiting the foregoing, the parties agree that they jointly own the intellectual property rights (if any) in the following elements appearing in the Software: User Interface /"look and feel" process flow, database, table definitions, data tables, reports, data access

1

Manatron _____                                                                                             Nikish _____

                                                                                                                                K.B.    _____

   methodologies, and data routines.

(d)  As consideration for the settlement and releases hereunder, and not as payment in connection with the Software, Nikish shall pay Manatron the sum of Forty-five Thousand Dollars ($45,000) in three equal annual installments of Fifteen Thousand Dollars ($15,000).  The initial installment shall be paid within three (3) business days of the date the dismissal under Section 7 is entered.  The second installment shall be paid no later than twelve (12) months after such date, and the third installment no later than twenty-four (24) months after the original date of dismissal.  In the event that Nikish fails to make the second installment, and provided Manatron provides Nikish and its counsel written notice and a five- (5-) day opportunity to cure, the balance of the payments hereunder shall immediately be due and payable, and Manatron may enter the automatic Consent Judgment described below in favor of Manatron and against Nikish and Mr. Bharwani in the amount due.

(e)  Nikish and Mr. Bharwani shall sign and approve as to form and content a Consent Judgment.  Manatron's counsel, Scott Carvo, shall retain possession of the signed Consent Judgment, and Manatron may seek entry of the Consent Judgment in the Western District of Michigan upon the occurrence of a default and a failure to cure; provided, seven (7) days prior written notice is served upon Nikish and Mr. Bharwani, and any of their attorneys of record at Bodman LLP (G. Christopher Bernard, Alan N. Harris, or Susan M. Kornfield) prior to the presentment of the Consent Judgment for entry by the court.  Manatron need not initiate a separate lawsuit to enforce the Consent Judgment or to collect the amount due. Nikish and Mr. Bharwani shall be liable for any costs and attorneys' fees associated with the proper filing of the Consent Judgment.

4.  **No Admission of Liability.**  Nothing in this Agreement constitutes an admission of liability or wrongdoing by any party.  Manatron shall not disclose the payment by Defendants to any person outside of Manatron, and shall disclose such fact within Manatron only to those who have a need to know.

5.  **Representation and Warranties.**

In executing this Agreement, the parties represent, warrant, and agree:

(a)  Each has obtained independent legal counsel from its/his attorney with respect to its/his rights arising out of this matter and the advisability of executing this Agreement.

(b)  Each has fully investigated all matters pertaining to this Agreement as it/he deems necessary and does not rely on any statement, promise or representation by another party.

(c)  Each has not assigned, transferred nor purported to assign or transfer to any person, partnership, corporation or other entity whatsoever any Claims relating to the Action or subject to the release hereunder.

Manatron  **JH**                     Nikish _____

                                        K.B. _____

**6.** **General Release and Covenant Not To Sue.**

(a) The parties have previously entered into a settlement and release. That previous settlement and release was raised by Defendants as a bar to Manatron's claims set forth in the Action. In the Action, Manatron asserted that the previous settlement and release was not sufficiently broad to cover the allegations set forth in the complaint/amended complaint. Except as expressly set forth in Section 6(d) of this Agreement, it is the express intent of the parties to fully, completely, absolutely, and irrevocably release the other(s) from any and all aspects of the past business relationship between the parties, the former and the current disputes, the Action, and any and all conduct of the parties from October 23, 2001 to the Effective Date. It is also the intent that this Agreement be interpreted as sufficiently broad as to prevent any party from ever asserting that this release does not apply to all aspects of the past business relationships between the parties, the former and current disputes between the parties (except as expressly limited by this Agreement in Section 6(d)), and the conduct of the parties from October 23, 2001 to the Effective Date.

(b) Other than for any and all claims that have been filed and that are expressly pending in Nikish Software Corp. et al. v. Manatron, Inc., S.D. In., Case Number: 1:07-cv-358 (the "Indiana Action"), and as otherwise set forth in Section 6(d), Manatron and Defendants hereby release, forever discharge, and agree not to sue the other, from any and all claims, demands, damages, debts, liabilities, accounts, reckonings, obligations (statutory, contractual or common law), costs, expenses, remedies, liens, actions and causes of action of every kind and nature whatsoever, whether known or unknown, fixed or contingent, direct or indirect, suspected or unsuspected, equitable and legal, which either of them now has, owns, or holds, or at any time prior to the Effective Date had, owned, or held, based upon or arising out of any matter, cause, fact, thing, act, or omission occurring or existing at any time before and up to and including the Effective Date ("Claims"). The parties agree that any damages resulting from a breach of this covenant include, without limitation, attorney fees resulting from the defense of any action initiated by the breaching party.

(c) The parties agree not to initiate any legal proceedings against the other related to the released Claims.

(d) The parties intend that "Claims" be interpreted as broadly as legally permissible, and expressly includes any claim that could have or was made in the Action; provided that the parties agree that "Claims" do not include the following:

(i) Causes of action set forth in the Indiana Action and any permitted amendments to the complaint and counterclaims that are filed and expressly pending in the Indiana Action; provided that, as set forth in Section 3(c), in no case may a party pursue a cause of action in the Indiana Action that relates to rights in the Software, whether based in law, equity, or contract. By way of illustration, joint ownership of the Software removes any basis for causes of action in the Indiana Action related to intellectual property rights (if any) in the following elements appearing in the Software: User Interface / "look

3

Manatron __**JH**_____                                                                  Nikish _____

                                                                                                           K.B.   _____

and feel," process flow, database, table definitions, data tables, reports, data access methodologies, and data routines.

    (ii)    Intellectual property based claims not affected by the joint ownership in the Software.

    (iii)    Intellectual property based claims not affected by the joint ownership in the Software presently unknown to the parties but that have accrued before this Agreement was signed. This recognition does not, however, constitute a waiver by the parties of any statute of limitations that may apply to any unknown intellectual property claims.

(e)    The release and covenant not to sue extends to the parties, their shareholders, officers, directors, members, employees, agents, insurers, licensees, attorneys, parent companies, affiliated companies, legal predecessors, legal successors, assigns, collaborators, contractors, partners, and those acting in connection with them.

(f)    The execution of this Settlement Agreement and the releases as stated above shall have no effect on the rights, claims, and interests of the parties related to claims presently filed, or as amended, and pending in the Indiana Action except as specified in Section 3(c).

**7.**    **Dismissal With Prejudice and Without Costs.** No later than five (5) days following complete execution of this Agreement, counsel for the parties shall prepare and file a Stipulated Order to dismiss all claims filed by the parties in the Action with prejudice and without costs.

**8.**    **Representation of Counsel.** Each party is represented by counsel; in the event of any ambiguity in or any dispute regarding the interpretation of this Agreement, the interpretation of this Agreement shall not be resolved by any rule providing for construction against the drafter.

**9.**    **Notices.** All required communications shall be in writing and addressed to the recipient party at its address set forth below, addressed to the person who signed the Agreement on behalf of such party, or to such address and person as may be designated by such party in writing. All communications will be deemed given when hand-delivered; or if mailed, by registered mail with verification of receipt, upon date of mailing; or if by electronic mail or facsimile, when received (with verification of transmission sent promptly to the receiving party along with a hard copy of the communication).

If to Nikish or Mr. Bharwani:

    G Christopher Bernard, Esq.
    Bodman LLP
    201 South Division Street, Suite 400
    Ann Arbor, MI 48104
    734-930-2482

4

Manatron __JH_____                                                                                 Nikish _____

                                                                         K.B. _____

      Fax: 734-930-2494
      Email:  cbernard@bodmanllp.com

  If to Manatron:

      Scott R. Carvo, Esq.
      Warner Norcross & Judd LLP
      111 Lyon Street, N.W., Suite. 900
      Grand Rapids, MI  49503-2487
      616- 752-2000
      Fax:  616-222-2759
      Email:  scarvo@wnj.com

**10.**   **Counterparts.**  This Agreement may be executed in counterparts.

**11.**   **Governing Law.**  This Agreement shall be governed by the laws of the State of Michigan and, as applicable, the U.S. Copyright Act.

**12.**   **Legal Power.**  Each party represents and warrants that it has the legal power to enter into this Agreement, to undertake the obligations, and to grant the rights set forth.

**13.**   **General.**  This Agreement constitutes the entire understanding of the parties with respect to the stated subject matter and replaces any previous or contemporaneous written or oral communications, promises, or understandings.  The Agreement may be amended only by a writing signed by each party.  This Agreement shall be binding on and inure to the benefit of the parties, their successors, assigns, subsidiaries, parent companies, related business entities, customers, contractors, heirs, and personal representatives.

**AGREED AND ACCEPTED:**

Manatron, Inc.                                      Nikish Software Corp.

By John R. Hansen, its Vice President        By Kishin J. Bharwani, its President

Dated:  March <u>10</u>, 2009                       Dated:  March <u>    </u>, 2009

5

Manatron <u>  **JH**       </u>                                      Nikish <u>         </u>

                                                                                K.B.  <u>         </u>

      Kishin J. Bharwani

      _____
      By Kishin Bharwani, an individual

      Dated: March _____, 2009

6

Manatron __**JH**_____           Nikish _____

                                                     K.B. _____

>   Fax: 734-930-2494
>   Email: cbernard@bodmanllp.com

If to Manatron:

>   Scott R. Carvo, Esq.
>   Warner Norcross & Judd LLP
>   111 Lyon Street, N.W., Suite. 900
>   Grand Rapids, MI 49503-2487
>   616- 752-2000
>   Fax: 616-222-2759
>   Email: scarvo@wnj.com

10. **Counterparts.** This Agreement may be executed in counterparts.

11. **Governing Law.** This Agreement shall be governed by the laws of the State of Michigan and, as applicable, the U.S. Copyright Act.

12. **Legal Power.** Each party represents and warrants that it has the legal power to enter into this Agreement, to undertake the obligations, and to grant the rights set forth.

13. **General.** This Agreement constitutes the entire understanding of the parties with respect to the stated subject matter and replaces any previous or contemporaneous written or oral communications, promises, or understandings. The Agreement may be amended only by a writing signed by each party. This Agreement shall be binding on and inure to the benefit of the parties, their successors, assigns, subsidiaries, parent companies, related business entities, customers, contractors, heirs, and personal representatives.

**AGREED AND ACCEPTED:**

| Manatron, Inc. | Nikish Software Corp. |
|---|---|
| By _____ its _____ | _/s/ Kishin J. Bharwani_<br>By Kishin J. Bharwani, its President |
| Dated: March ___, 2009 | Dated: March _10_, 2009 |
| | Kishin J. Bharwani<br>_/s/ Kishin J. Bharwani_<br>By Kishin Bharwani, an individual |
| | Dated: March _10_, 2009 |

5

Manatron _____                                    Nikish _____

                                                      K.B.  _____