**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| NIKISH SOFTWARE CORPORATION and KISHIN BHARWANI,<br><br>            Plaintiffs,<br><br>  v.<br><br>MANATRON, INCORPORATED,<br><br>            Defendant.<br>_____<br>MANATRON, INCORPORATED,<br><br>            Counter-Plaintiff,<br><br>  v.<br><br>NIKISH SOFTWARE CORPORATION and KISHIN BHARWANI,<br><br>            Counter-Defendant. | CASE NO. 1:07-cv-00358-TWP-DML |

**THIRD AMENDED CASE MANAGEMENT PLAN**

I.    Parties and Representatives

    A.    NIKISH SOFTWARE CORPORATION and
            KISHIN BHARWANI, Plaintiffs

| | |
|---|---|
| J. Lee McNeely, #9542-73<br>Brady J. Rife, #25378-73<br>McNEELY STEPHENSON<br>THOPY & HARROLD<br>2150 Intelliplex Drive, Suite 1<br>Shelbyville, IN 46176<br>317-825-5110<br>317-825-5109 Fax<br>jlmcneely@msth.com<br>bjrife@msth.com | G. Christopher Bernard<br>Susan M. Kornfield<br>BODMAN LLP<br>201 South Division Street, Suite 400<br>Ann Arbor, MI 48104<br>734-930-2482<br>734-930-2494 Fax<br>cbernard@bodmanllp.com<br>skornfield@bodmanllp.com |

       B.      MANATRON, INCORPORATED, Defendant

James Dimos, #11187-49
Joel E. Tragesser, #21414-29
Richelle M. Harris, #26401-49
FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
Phone: 317-237-3800
Fax: 317-237-3900 Fax
jdimos@fbtlaw.com
jtragesser@ fbtlaw.com
rharris@fbtlaw.com

      Counsel shall promptly file a notice with the Clerk if there is any change in this information.

II.      <u>Synopsis of Case</u>

      A.      <u>Plaintiff's Synopsis:</u>

      The Court has jurisdiction of this matter by reason of diversity in citizenship. The defamation and tortious inference took place in Indiana. The Plaintiffs are citizens of the State of New York. Defendant is a citizen of Michigan.

      At all times relevant herein, Plaintiffs developed software for private and public entities.  In 2001, Plaintiffs entered into a contract with Defendant wherein Plaintiffs agreed to develop software for Defendant for a property appraisal and tax system in Pennsylvania. Thereafter, in 2003, the parties entered into a similar agreement with regard to software for a property appraisal and tax system in Maryland. In 2005, the parties entered into a settlement, release, and business services agreement that effectively nullified all duties and obligations owed by either party under the 2003 agreement.

      After the parties ended their relationship, the Plaintiffs developed a new computer software which performed functions regarding the collection of property taxes. Plaintiffs began marketing the software in Indiana in early 2006. Plaintiffs commenced business relationships with third parties regarding the new software in August 2006. On December 1, 2006, Defendant sent a letter to a majority of the Indiana counties alleging that the Plaintiffs had stolen the Defendant's software and were marketing it as their own. The Defendant's allegations are untrue. Such conduct constitutes defamation and tortious interference with the Plaintiffs' business and/or contractual relationships. As a direct result of the Defendant's tortious interference, Plaintiffs have incurred damages.

Defendant alleged in its December 1, 2006 letter that it has "credible evidence" that its allegations are true. Plaintiffs have requested the "credible evidence." In response, Defendant admitted that its December 1, 2006 statements were based on its "belief," not on evidence. Despite Plaintiffs' demands that Defendant retract the statements contained in its December 1, 2006 letter, Defendant has failed and refused to do so. As a direct result of Defendant's false accusations and defamatory statements, Plaintiffs have incurred damages.

Defendant's conduct, as outlined above, constitutes a breach of the Settlement, Release, and Business Services Agreement between the parties. As a direct result of the breach of contract, Plaintiffs have incurred damages.

Defendant has asserted counterclaims against defendants alleging misappropriation of trade secrets, breach of contract, unfair competition, common law copyright infringement, breach of fiduciary duty, breach of good faith and fair dealing, tortious interference with contractual relationship or business expectancy, unjust enrichment, deception, and conversion. The gravamen of these counterclaims is that plaintiffs misappropriated and used defendant's tax billing and collection software source code and related trade secrets to develop plaintiff's Indiana software. Plaintiffs deny using any code or trade secrets not owned by plaintiffs to develop their Indiana product.

B.    Defendants' Synopsis:

Defendant concurs that this Court has both subject matter and personal jurisdiction and that venue is appropriate in the Southern District of Indiana.

On or about October 23, 2001, Plaintiffs entered into a contract with Defendant wherein Plaintiffs agreed to develop software for Defendant for a property appraisal and tax system in Dauphin County, Pennsylvania ("Pennsylvania Agreement"). The Pennsylvania Agreement remains in force and the Plaintiffs are in breach of their obligations under that agreement. In particular, key portions of the source code remain undeveloped, while other portions were developed with severe defects that have been costly for the Defendant to fix. Further, Plaintiffs have failed to provide contractually required support for the software, in breach of the agreement. Plaintiffs have also failed to return a current copy of the Defendant's MVP application source code and other materials, as required under the agreement.

With the Pennsylvania Agreement still in force, the Plaintiffs claim to have developed a new property tax billing and collection system called RMS 2.0. Defendant believes based upon credible evidence that the Plaintiffs have comingled Defendant's proprietary source code with code that they claim to have independently developed, in violation of the written agreement regarding Plaintiffs' use of such source code and relevant trade secret and copyright law. The Plaintiffs then began responding to RFPs issued by counties in Indiana marketing this product developed with Defendant's proprietary source code.

3

On December 1, 2006, Defendant sent a letter to certain Indiana counties pointing out factual errors in the Plaintiffs' response to a particular RFP and the unauthorized and inappropriate use of Defendant's proprietary source code. Given the nature of the subject matter and the end users, the question of whether responses to a RFP were correct and whether the RMS 2.0 was developed with Defendant's proprietary source code was a matter of public interest and Defendant's statements in the letter were privileged or justified. Further, at no time did Defendant knowingly publish any statement that was false, nor did it negligently or recklessly disregard the truth. The statements in the letter were true or Defendant honestly believed them to be so.

Defendant's conduct, as outlined above, does not constitute a breach of any agreement between the parties. Instead, it is the Plaintiffs who are in breach of the relevant agreements.

Correspondingly, Defendant has asserted a counterclaim alleging misappropriation of trade secrets, breach of contract, unfair competition, common law copyright infringement, breach of fiduciary duty, breach of good faith and fair dealing, tortious interference with contractual relationship or business expectancy, unjust enrichment, deception, and conversion.

III.  Pretrial Pleadings and Disclosures

    A.  The parties updated their Fed. R. Civ. P. 26 Initial Disclosures on April 15, 2009. Periodic updates shall be filed pursuant to FRCP 26.

    B.  The parties filed their Preliminary Witness and Exhibit Lists on June 15, 2009.

    C.  Plaintiffs filed a Motion to Amend Their Answer to Defendant's Counterclaim on July 15, 2009. The Court granted the Motion on February 2, 2010 (Docket No. 98).

    D.  Pursuant to the Court's Entry from Status Conference and Order Setting Settlement Conference and Related Deadlines (Docket No. 118), Plaintiffs shall serve a settlement demand on or before **September 9, 2010**. Defendant shall serve a settlement demand on its counterclaim on or before **September 9, 2010**. **The parties shall serve on each other a response to these respective demands on or before September 17, 2010. The parties shall submit (not file) courtesy copies of their respective demand and response at the time of service.** These should be emailed to the magistrate judge at JudgeLynchChambers@insd.uscourts.gov. There is no need to follow an email with a hard copy.

E. Plaintiffs and Counter-Plaintiff (with respect to expert support of the counterclaims) shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) on or before **January 24, 2011**.

F. Defendant, and Counter-Defendants (with respect to expert support of their defense of the counterclaims), shall disclose the name, address, and vita of all expert witnesses, and shall serve the report required by Fed. R. Civ. P. 26(a)(2)(B) within **30 days** after Plaintiffs or Counter-Plaintiff serve their expert witness disclosures per III.E above; or if none, Defendant and Counter-Defendants shall make their expert disclosure on or before **February 24, 2011**.

G. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days** before trial. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56.1.

H. All parties shall file and serve their final witness and exhibit lists on or before **July 25, 2011**.

I. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

J. The parties have discussed preservation and disclosure of electronically stored discovery information, including a timetable for making the materials available to the opposing party. Each party shall bear the cost of extracting and producing its own electronic data. Each party will maintain electronic data in an electronic format that is the same as or similar to its original format as used in the regular course of business and in such a format that it does not alter or diminish the characteristics and ability to search the data. The parties agree to retrieve and copy electronic data in such a manner so as to not alter any embedded data or metadata. The parties agree that embedded data or metadata need not be produced in discovery unless requested in writing for particular documents, and the parties reserve the right to make such a request as to any document after it has first been produced and reviewed without embedded data or metadata, subject to objection by the parties and ruling by the Court. The parties agree that each party may produce electronically stored information in any searchable format, including searchable PDF format, or in native format if the information in native format is readily accessible to the other party.

IV.   Discovery and Dispositive Motions

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (including specifically motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Yes**. Defendant intends to file a summary judgment motion as it believes the undisputed evidence will demonstrate that there was no defamation of the Plaintiffs in the December 1, 2006 letter. Counter-defendants filed a Motion for Summary Judgment on Defendant's Counterclaim for copyright infringement on July 9, 2010 because they believe the undisputed evidence will demonstrate that there was no infringement or misappropriation of Counter-plaintiff's software. Counter-defendants also moved to dismiss the remaining counts in the counterclaim because those counts are based upon the same alleged infringement or misappropriation .

Select the track that best suits this case: **Track 3:** Dispositive motions are expected and shall be filed no later than **February 24, 2011**; expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **January 24, 2011**; all remaining discovery shall be completed by **June 24, 2011**.

V.   Pre-Trial/Settlement Conferences

Pursuant to the Court's Entry from Status Conference and Order Setting Settlement Conference and Related Deadlines (Docket No. 118), this matter is set for a settlement conference on **September 24, 2010**. At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time.

VI.   Trial Date

The parties request a trial date in **September 2011**. The trial is by Jury and is anticipated to take five (5) days.

VII. <u>Referral to Magistrate Judge</u>

At this time, all parties do not consent to refer this matter to the Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

VIII. <u>Required Pre-Trial Preparation</u>

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

1. File a list of witnesses who are expected to be called to testify at trial.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

 a. brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

 b. if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

    B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE**, the parties shall:

1.    Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.    Other Matters

The parties agree that the plaintiffs/counter-defendants shall be entitled to serve an additional ten (10) interrogatories and the defendant/counterclaimant shall be entitled to serve an additional twenty-five (25) interrogatories in this matter.

The term "completed," as used in Section IV, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

If the required conference under LR 37.1 does not resolve discovery issues that may arise, the parties are advised to request a phone status conference prior to filing any motion to compel or for protective order.

When filing a non-dispositive motion, the movant shall contact counsel for the opposing party and solicit opposing counsel's agreement to the motion. The movant shall indicate opposing counsel's consent or objection in the motion.

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

| | |
|---|---|
| /s/ Brady J. Rife (with permission) | /s/ Joel E. Tragesser |
| J. Lee McNeely, #9542-73 | James Dimos, #11187-49 |
| Brady J. Rife, #25378-73 | Joel E. Tragesser, #21414-29 |
| McNEELY STEPHENSON | Richelle M. Harris, #26401-49 |
| THOPY & HARROLD | FROST BROWN TODD LLC |
| 2150 Intelliplex Drive, Suite 1 | 201 North Illinois Street, Suite 1900 |
| Shelbyville, IN 46176 | P.O. Box 44961 |
| | Indianapolis, IN 46244-0961 |

G. Christopher Bernard
Susan M. Kornfield
BODMAN LLP
201 South Division Street, Suite 400
Ann Arbor, MI 48104

_____    PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.

_____    APPROVED AS SUBMITTED.

_____    APPROVED AS AMENDED.

_____    APPROVED AS AMENDED PER SEPARATE ORDER.

_____    APPROVED, BUT ALL OF THE FORGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.

_____    THIS MATTER IS SET FOR TRIAL BY _____ ON _____ _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM_____.

_____    A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____ .M. COUNSEL SHALL APPEAR:

_____ IN PERSON IN ROOM _____; OR

_____ BY TELEPHONE, WITH COUNSEL FOR_____ INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____.

_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_\_) _____.

**Approved and So Ordered.**

_____                                          _____
Date                                                                       Magistrate Judge Debra McVicker Lynch
                                                                                   U.S. District Court
                                                                                   Southern District of Indiana